Samuel v Islam (2024 NY Slip Op 06675)

Samuel v Islam

2024 NY Slip Op 06675

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 800166/23 Appeal No. 3352 Case No. 2024-02970 

[*1]Clifton Samuel, Respondent,
v
MS Islam et al., Defendants, Lyft, Inc., Appellant.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant.
German Rubenstein LLP, New York (Steven J. German of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about April 15, 2024, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Lyft, Inc. (Lyft) to compel arbitration and granted plaintiff's cross-motion to stay arbitration, unanimously reversed, on the law, without costs, the motion to compel arbitration granted and the cross-motion to stay arbitration denied.
Plaintiff brings this action to recover for injuries sustained in a motor vehicle accident. At the time of the accident, plaintiff was a passenger in a car requested by his friend through her account with Lyft.
Arbitration must be compelled because plaintiff was a party to an arbitration agreement with Lyft that expressly delegated the threshold question of arbitrability to the arbitrator. It is undisputed that, prior to the subject accident, plaintiff scrolled through and agreed to Lyft's Terms of Service (the TOS), which included an agreement to arbitrate. As part of the arbitration agreement, the parties agreed to delegate "disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement)" to the arbitrator. When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision "even if the arguments of the party seeking to arbitrate 'appear[] to the court to be frivolous' or even 'wholly groundless'" (Wu v Uber Tech., Inc., — NY3d &mdash, &mdash, 2024 NY Slip Op 05869, *7 [2024], quoting Henry Schein, Inc. v Archer & White Sales, Inc., 586 US 63, 68 [2019]; see Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45-46 [1997]).
There is no dispute that if plaintiff had ordered the subject ride through his own Lyft account, then the instant claims would be subject to arbitration because plaintiff was party to a valid and enforceable arbitration agreement with a valid and enforceable delegation provision — even if there were a question as to the arbitration agreement's scope (see Brooks v Lang Yang, 216 AD3d 505, 506-507 [1st Dept 2023]). We find that the question of whether the agreement to arbitrate encompassed claims stemming from plaintiff's presence in a Lyft that he did not order is a question of arbitrability that must be decided by the arbitrator (see Wu, 2024 NY Slip Op 05869, *9-10).
In view of our disposition of this issue, we do not reach the question of whether plaintiff's claims fall within the scope of the arbitration agreement. We also decline to reach Lyft's argument that plaintiff's friend's own consent to the TOS presents a proper independent basis to compel arbitration because it is raised for the first time on appeal.
It is clear on the face of the order on appeal that the motion court declined, sub silentio, plaintiff's request for sanctions against Lyft. Because plaintiff did not cross-appeal from that order, this Court will not consider plaintiff's arguments [*2]for sanctions on appeal (see B King Chick LLC v Organization for Defense of Four Freedoms for Ukraine, Inc., 227 AD3d 536, 537 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024